**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

MINA HERMEENA,

Plaintiff,

v.

STONELEIGH RECOVERY ASSOCIATES, LLC, and THE BUREAUS, INC.,

Defendants.

CASE NO.: 1:11-cv-00618-WTL-DML

**AMENDED VERIFIED COMPLAINT FOR DAMAGES AND JURY DEMAND**

The Plaintiff, Mina Hermeena, by counsel, for his Amended Complaint against the Defendants Stoneleigh Recovery Associates, LLC ("SRA") and The Bureaus, Inc. ("Bureaus"), says as follows:

**General Factual Allegations**

1. This case arises out of various violations of the Fair Debt Collections Practices Act (FDCPA), codified in Title 15 of the United States Code, Section 1692 *et seq.*

2. This case was originally filed in Marion County, Indiana, but was removed by former defendant, Central Credit Services, Inc. ("CCS") with the consent of SRA.

3. Plaintiff is a "debtor" as contemplated in the FDCPA.

4. Defendant Stoneleigh is a "debt collector" as contemplated in the FDCPA.

5. As a purchaser of defaulted debt, Defendant Bureaus is a "debt collector" as contemplated in the FDCPA. *Ruth v. Triumph Partnerships*, 577 F.3d 790, 797 (7th Cir. 2009).

6. Plaintiff was originally indebted to HSBC Bank.

7. In November 2009, HSBC stopped sending invoices for payment to Plaintiff.

8. As a result of HSBC's error, Plaintiff was unable to make payments to HSBC.

9. When HSBC stopped receiving payments, they charged off the account, and sold it to Bureaus in or about May 2010.

10. Bureaus originally hired CCS to collect the debt.

11. On June 21, 2010, CCS sent a letter to Plaintiff requesting payment. A true and accurate copy of that letter is attached hereto as Exhibit A.

12. On June 30, 2010, Plaintiff sent a letter to CCS disputing the debt's validity and its amount, and requesting a verification of the debt pursuant to the FDCPA. A true and accurate copy of that letter is attached hereto as Exhibit B.

13. CCS received this letter and noted it upon its account notes on or about July 7, 2010.

14. On or about July 8, 2010, CCS sent Bureaus an email requesting verification of the debt.

15. On or about July 19, 2010, Plaintiff called CCS to inquire as to when Plaintiff would receive the verification.

16. CCS told Plaintiff it would take at least 30 days, but that they were waiting for documentation from Bureaus.

17. CCS never received any verification documents for the debt from Bureaus.

18. On or about November 30, 2010, CCS received notice from Bureaus that CCS should return the file to Bureaus.

19. On or about November 30, 2010, CCS returned the file to Bureaus.

20. On December 2, 2010, SRA sent a letter marked "FIRST NOTICE" to Plaintiff


requesting payment. A true and accurate copy of that letter is attached hereto as Exhibit C.

21. On or about December 7, 2010, Plaintiff called SRA to discuss the debt.

22. On or about December 7, 2010, Jerry Medina, a representative of SRA spoke with Plaintiff about the account.

23. During the call, Plaintiff mentioned to Mr. Medina that he had previously requested a "detailed report" for the basis of the debt by writing the prior collector a letter.

24. Plaintiff further mentioned to Mr. Medina that the prior collector had indicated that Plaintiff would receive this report within 30 days, but that no report was ever received.

25. Plaintiff stated to Mr. Medina, "I just need to know what is the interest, what the money that I actually spent, and they [the previous collector] said, 'Yeah, we're gonna send you the detailed report, what the money spent, what's the interest, what are all the penalties, what's all that, but it's gonna take us 30 days.' I was like 'Alright go ahead.'"

26. Mr. Medina responded "that's not gonna happen."

27. Plaintiff informed Mr. Medina that he had a receipt showing that he had made a written request for verification, and that Plaintiff never received verification.

28. Mr. Medina responded that Plaintiff had "lost that luxury."

29. Mr. Medina further stated that "we're not gonna, you know, take this, you know, I wanna see what I charged off, you know, that, we're…we're not gonna waste our time with that."

30. Plaintiff again made reference to CCS's claim that it would provide the verification and stated, "now you're telling me that you can't give me this report."

31. Mr. Medina then interrupted Plaintiff, claiming "you know what this is about."

32. Mr. Medina went on to claim that Plaintiff's requests for verification were simply "an excuse to buy yourself time and not pay the bill, and it's not gonna work anymore. That excuse is done."

33. Mr. Medina later stated "you had the debt, you paid for almost two years. And now, all of the sudden you're acting like 'I need a report.' A report for what?"

34. Mr. Medina knew or should have known that Plaintiff was referring to an FDCPA verification request.

35. Mr. Medina's statements indicated, expressly or impliedly, that Plaintiff was not entitled to request or receive a verification of the debt.

36. During the call, Mr. Medina indicated that he had a "history of the account" and specifically referenced correspondence from the prior collector [CCS].

37. SRA knew or should have known that Plaintiff had submitted a verification request which had not been responded to.

38. Bureaus knew or should have known that Plaintiff had submitted a verification request which had not been responded to.

39. SRA took collection actions after a verification request but before providing verification of the debt.

40. Bureaus took collection actions after a verification request but before providing verification of the debt.

41. Section 1692e of the FDCPA states, "[a] debt collector may not use any false,

deceptive, or misleading representation or means in connection with the collection of a debt."

42. Section 1692e lists conduct which is a per se violation of the statute, which includes, "[t]he false representation of – (A) the character, amount, or legal status of any debt…." 15 U.S.C. § 1692e(2)(A).

43. Section 1692g(b) of the FDCPA states, "[i]f a consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed … the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt" and provides it to the consumer.

44. Section 1692k(a) of the FDCPA provides civil liability for "any debt collector who fails to comply with any provision of this title" in the amount of the sum of 1) actual damages; 2) statutory damages up to $1,000 per violation; and 3) costs of the action, together with a reasonable attorney's fee. 15 U.S.C. § 1692k(a).

**Count I – Violation of FDCPA as to SRA**

45. The allegations in all prior paragraphs of this complaint are re-alleged and incorporated herein by reference.

46. Mr. Medina's statements on the telephone call on or about December 7, 2010 violated 15 U.S.C. § 1692e(2)(A) when he told Plaintiff that he "lost" the "luxury" of having his debt verified.

**Count II – Violation of FDCPA as to SRA**

47. The allegations in all prior paragraphs of this complaint are re-alleged and incorporated herein by reference.

48. Mr. Medina's statements on the telephone call on or about December 7, 2010 violated 15 U.S.C. § 1692e(2)(A) when he referred to a verification request as a "luxury."

**Count III – Violation of FDCPA as to SRA**

1. The allegations in all prior paragraphs of this complaint are re-alleged and incorporated herein by reference.
2. SRA violated15 U.S.C. § 1692g(b) by failing to cease collection activities until verification of the debt had been provided to Plaintiff after being made aware that Plaintiff had requested verification in writing but such verification had not been provided.

**Count IV – Violation of FDCPA as to Bureaus**

1. The allegations in all prior paragraphs of this complaint are re-alleged and incorporated herein by reference.
2. Bureaus violated15 U.S.C. § 1692g(b) by failing to cease collection activities until verification of the debt had been provided to Plaintiff after receiving a dispute letter from Plaintiff and a request for verification of the debt.

**Jury Demand:** Plaintiff demands that his claims be tried by a jury.

**WHEREFORE,** the plaintiff respectfully requests for the Court to:

1. Award Plaintiff his actual damages;
2. Award Plaintiff statutory damages of $1,000 for each unlawful violation of the FDCPA by Defendants;
3. Award Plaintiff his costs of this action, including all reasonable attorneys' fees;

    4. Grant such other and further relief as the Court may deem just and proper.

I affirm, under the penalties of perjury, that the foregoing factual representations are true and correct to the best of my knowledge, information and belief.

_/s/ Mina Hermeena_____________________
Mina Hermeena

Respectfully Submitted,

/s/ Aaron M. Cook_______________
Aaron M. Cook, IN Bar # 28505-29
Camden & Associates, P.C.
9200 Keystone Xing, Suite 150
Indianapolis, Indiana 46240
Telephone: 312-726-1092
Fax: 888-339-9611
Email: ac@camlawyers.com
*Attorney for Mina Hermeena*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **June 10, 2011** by operation of the Court's electronic filing system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system Parties may access this filing through the Court's electronic filing.

Aaron M. Cook ac@camlawyers.com, cook6@iupui.edu

Corey Ryan Meridew cm@camlawyers.com

Joseph Shaw Messer messer@messerstilp.com, general@messerstilp.com

Julie A. Camden jc@camlawyers.com, ac@camlawyers.com

Michael S. Poncin poncinm@moss-barnett.com, bakert@moss-barnett.com, zmudaa@moss-barnett.com

Further, Plaintiff shall notify Defendant The Bureaus, Inc. via service of a summons and a copy of this Amended Complaint within the time limit delineated in Federal Rule of Civil Procedure 4.

/s/ Aaron M. Cook